1  SUSAN B. LUCE - State Bar No. 120843
   DAVID A. BOONE - State Bar No. 74165
2  LAW OFFICES OF DAVID A. BOONE
   1611 The Alameda
3  San Jose, CA  95126
   Telephone: (408) 291-6000
4  Fax: (408) 291-6016

5  ATTORNEYS FOR DEBTOR/DEFENDANT
   Kassandra Margrit Dennis

6

7

8
                 UNITED STATES BANKRUPTCY COURT
9
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  In re                              )      CASE NO. 08-54420 CDN
                                       )
12  KASSANDRA MARGRIT DENNIS           )      CHAPTER 7
                                       )
13                                     )      (Adv.Pro. No. 08-5319)
                                       )
            Debtor                     )
14                                     )
                                       )      Date:    October 8, 2010
15                                     )      Time:    2:00 p.m.
                                       )      Place:   Room 3070
16                                     )      Honorable Charles D. Novack
                                       )
17  _____   )

18

19               **MOTION TO COMPROMISE CONTROVERSY**

20
                            **BACKGROUND**
21

    Kassandra Margrit Dennis, Debtor, respectfully represents:
22
    1.      Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on
23
    August 13, 2008.
24
    2.      Prior to her filing, the Debtor had been named in a law suit filed in the Superior Court
25
    of the County of Santa Clara, Case No. 106 CV 059205.  A default judgment had been
26
    entered in the case against her in the amount of $2,552,957.00 in favor of Lori and Glyn Stout
27
    and Lupin Heights, Inc., hereinafter, collectively, "Creditors".
28

3.      On November 10, 2008, the same Plaintiffs filed adversary proceeding 08-5319, seeking to have the default judgment deemed nondischargeable.

4.      The Creditors alleged that they were entitled to use the default judgment for collateral estoppel and issue preclusion in the adversary proceeding. They requested the Court give full faith and credit to the default judgment and declare the debt owed to them by the judgment nondischargeable.

5.      The Debtor alleged that she had not been properly served and, therefore, the default judgment was void and had no force nor effect. In order for the Debtor to prove she had not been properly served, she had to go back to state court, seek to reopen the case and set the judgment aside. After that, the entire complaint and any cross complaint would have to be fully litigated.

6.      The parties were antagonistic and neither side trusted the other. Settlement negotiations were extensive and time consuming.

7.      The parties, however, have finally agreed to compromise and they desire to settle and discharge all claims and controversies between them. The parties have entered into a Settlement Agreement and General Mutual Release, a copy of which is attached to the Declaration of Susan B. Luce, filed herewith, hereinafter "SBL Dec.".

8.      The Settlement Agreement provides that the Debtor agrees to the entry of a $25,000.00 nondischargeable judgment in the adversary proceeding. Starting a month after an order approving the Settlement Agreement is entered on the bankruptcy Court's docket, the Debtor will commence to make monthly payments of $250.00 to the Creditors. She will deposit said amount in a trust account established by Nancy M. Battel, counsel for the Creditors. If she defaults under the Settlement Agreement, then the nondischargeable judgment will increase to $50,000.00.

9.      The Settlement Agreement allows for time to cure any default and for moratorium of payments should it become necessary. The Creditors have agreed to vacate the default judgment entered against the Debtor in the state court action. The Creditors also hold a default judgment against Edward Dennis, the Debtor's husband. The Creditors have agreed

1  not to try and collect from the Debtor on the judgment owed by Edward Dennis by attaching

2  or liening any current property of the Debtor in which he might have a community interest.

3  10.      In consideration of the concessions made by both parties, both parties will enter into a

4  mutual release and waive the provisions of Section 1542 of the Civil Code of the State of

5  California. This means they are giving up the right to not release existing claims of which

6  they are currently unaware.

7

8                                          **ARGUMENT**

9       Pursuant to In re: A&C Properties, 784 F. 2nd 1377 (C.A. 9, 1986), the determination

10  of the adequacy and reasonableness of a proposed settlement by the Court must include a

11  consideration of the following factors:

12      **a.)      The probability of success in litigation:**

13      The Debtor will face an uphill battle trying to set aside the default judgment.

14  Although it appears she was not properly served, the state court case still will need to be

15  reopened and the judgment set aside. This could take a considerable amount of time and a

16  considerable amount of attorney's fees and costs to accomplish the vacating of the judgment.

17  Even if the judgment were vacated, the Creditors would most likely prosecute their causes of

18  action and a full trial would be necessary. At this time, evidence has become stale and

19  witness are probably difficult to locate. Counsel would assign no more than a 50% chance of

20  success for either side.

21      **b.)      The difficulties, if any, to be encountered in a matter of collection:**

22      Debtor assumes that, were she able to set aside the default judgment and prevail on

23  her counter claims, collection of any judgment would be difficult. The parties are extremely

24  antagonistic, and it would take extensive discovery to learn of the Creditors' assets. She

25  would probably face an appeal if she was successful.

26      **c.)      The complexity of the litigation involved and the expense, inconvenience**

27              **and delay necessarily attending it:**

28      The underlying lawsuit was filed in 2006. The Debtor believes that many of her

1  documents were left at premises now controlled by the Creditors. Aside from showing that

2  she was not properly served, the Debtor will have a difficult time in proving any cross claim

3  she may hold. As the parties are still extremely litigious, it is likely that discovery will be

4  extensive and time consuming. The attorney's fees to bring this case to trial will be very

5  large. The Debtor works as a massage therapist and does not have the funds to pay the cost of

6  such litigation.

7  **d.)  The paramount interest of the creditors and the proper deference to their**

8  **reasonable views in the premises:**

9  It will be in the best interest of Creditors to end the litigation and close this case.

10

11  For the reasons stated above, the Debtor  respectfully requests this Court approve this

12  Compromise of Controversy and allow her to proceed with the terms of the Settlement

13  Agreement.

14

15  Dated:  August 23, 2010                                        LAW OFFICES OF DAVID A. BOONE

16

17

18  _____        /s/ Susan B. Luce
                                                                         SUSAN B. LUCE
19                                                                       Attorney for Debtor

20

21

22

23

24

25

26

27

28