Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105
Telephone: (415) 356-4600
Facsimile: (415) 356-4610
E-mail: cmaher@luce.com

Attorneys for John W. Richardson
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ALAN B. ROGERS dba PRECISION FASTENING,<br><br>Debtor. | Case No. 03-57499 CN<br>Chapter 7<br><br>Date: October 8, 2010<br>Time: 10:00 a.m.<br>Place: 280 South First Street, San Jose<br>Court: Hon. Charles Novack |

### TRUSTEE'S REPLY TO OBJECTION TO SALE

John W. Richardson, Trustee in Bankruptcy of the estate of the above Debtor, hereby replies to the objection of Alan Rogers to the Trustee's proposed sale of real property adjacent to Seaport Boulevard in Redwood City, California.

The Trustee proposed a sale to Hal Nelson or his designee for $215,000.

The Debtor objected to the sale based on his recent claim of a homestead exemption of $125,000 in this commercial property (this property has never been zoned residential). He also claims that a sale will not produce value for the estate. Finally, the Debtor submitted an overbid of $227,500.

The Debtor has claimed a homestead exemption of $125,000 to which the Trustee has filed an objection. The Trustee has invited the Debtor to provide legal authority and evidence to support the exemption which may resolve the objection. Even if valid, a homestead exemption is a claim of a monetary interest in the real property; it does not remove the property from the estate.

The property is subject to a deed of trust on which approximately $10,000 is owed. In addition, the Debtor owes property tax of $30,000 by his own calculation. The Trustee estimates costs of sale at 12 percent or $25,800 on a $215,000 sale.

After deducting the exemption (if allowed) and the expenses identified in the preceding paragraph, a sale at $215,000 would generate $25,000 net for the estate. If the homestead exemption is not valid, the sale would generate $150,000 for the estate.

Under either scenario there is a benefit to the estate and the Debtor's objection on this ground is not well-taken.

The Debtor submitted an overbid of $227,500. The Debtor appears to suggest that he will purchase the equity in the property after deducting his exemption, and leaving the deed of trust and property tax arrearages undisturbed. The Trustee is not rejecting this offer and will hold an auction to involve the original buyer and the Debtor. The Trustee will be prepared to report the results on October 8 at the hearing on the objection. It is possible that the objection will be resolved.

Dated: October 4, 2010

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Charles P. Maher
Counsel for John W. Richardson, Trustee

301192421.1